UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JEFFREY DOYLE OFSTAD,<br><br>     Appellant<br><br>     vs.<br><br>WILMINGTON SAVINGS FUND<br>SOCIETY,<br><br>     Appellee | 5:21-cv-5071<br><br><br>MEMORANDUM OPINION<br>AND ORDER |

Appellant, Jeffrey Doyle Ofstad, has appealed the Order of the United States

Bankruptcy Court for the District of South Dakota[1] (Doc. 1) denying

reconsideration of an order abstaining from jurisdiction in an adversarial

proceeding (Bankr. Doc.,5:21-ap-5003), and dismissing Appellant's bankruptcy

case. (Bankr. Doc.,5:21-bk-50044). In Appellant's statement of the issues on

appeal, he characterizes them as (1) the court should have entered a default

judgment when Wilmington Savings Fund Society (WSFS) failed to answer, and

then should have "made a decree respecting the equities and the law," and (2) the

bankruptcy court made an "unfortunate error in discretion to abstain from the

case." (Doc. 6). In his brief, Appellant appears to ask for a quiet title action. (Doc.

11). Appellant, who is proceeding pro se, elected to pursue his appeal in the

---

[1] The Honorable Charles L. Nail, Jr.

District Court pursuant to 28 U.S.C. § 158(c)(1). WSFS filed no response to the appeal. Having considered the record and all filings in the case, the Court affirms the bankruptcy court's decision.

**BACKGROUND**

Appellant filed his petition for Chapter 7 bankruptcy on April 21, 2021, (5:21-bk-50044, Doc.1), claiming assets of $50,000 or less, and "illegal fiduciary claims" as his debts. (Id.). He listed as landlord WSFS, stated the property was the subject of an eviction action in state court, and claimed no funds were owing. (Id., Doc. 3). Ofstad and WSFS had some difficulties concerning service of documents and other procedural issues. Ofstad initiated an Adversary Proceeding, an Action to Quiet Title by Jeffrey D. Ofstad (id., Doc. 43), setting forth his theories about why he holds certain real property by adverse possession.

After numerous proceedings, the Bankruptcy Court elected to dismiss Ofstad's petition sua sponte. (Id., Doc. 75). The court stated there were no assets to distribute and no creditors in the bankruptcy case, and there was a pending state court proceeding in which WSFS endeavored to evict Ofstad. (Id.). The court dismissed the bankruptcy case on September 9, 2021. On the same date, the court ruled that it should abstain in the adversary proceeding. (5:21-ap-5003, Doc. 32). Ofstad filed a motion for reconsideration and the bankruptcy court denied relief on

October 5, 2021. (Doc. 10-1). Ofstad's appeal followed. This Court will address the underlying actions before discussing the motion for reconsideration.

## LEGAL ANALYSIS

As the Eighth Circuit has explained, "When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." *Knudsen v. I.R.S.,* 581 F.3d 696, 704 (8th Cir. 2009) (quoting *Fix v. First State Bank of Roscoe*, 559 F.3d 803, 808 (8th Cir. 2009)). See also *Vucurevich v. First Midwest State Bank*, 2015 WL 632101, *1 (D.S.D. 2015); *Nesson v. Lovald*, 2012 WL 911325, *2 (D. S.D. 2012).

The district court sitting as an appellate court reviews the grant or denial of a motion seeking relief from a judgment using the abuse of discretion standard. *Vucurevich* at *1 (citing *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1152 (8th Cir. 2013)). As the Eighth Circuit explained in *City of Duluth*:

> A court abuses its discretion when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; or when all proper factors and no improper ones are considered, but the court commits a clear error of judgment in weighing those factors.

*Id.* (citing *Thatcher v. Hanover Ins. Grp., Inc.*, 659 F.3d 1212, 1213 (8th Cir. 2011) quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984)).

3

*1. Dismissal of Bankruptcy case*

Dismissal of a bankruptcy case is addressed by 11 U.S.C. § 305(a)(1) which

provides:

> (a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if—
>> (1) the interests of creditors and the debtor would be better served by such dismissal or suspension[.]

11 U.S.C. § 305(a)(1).

The Eighth Circuit has set forth the factors pertinent in the context of

dismissal of a bankruptcy case as follows:

> The factors a court considers before dismissing a case under § 305(a)(1) are: (1) whether the case is a two-party dispute; (2) the economy and efficiency of administration; (3) the availability of another case or forum to protect the interests of the parties; (4) the alternative means of achieving equitable distribution of assets; and (5) the purpose for which bankruptcy jurisdiction has been sought.

*Pennino v. Evergreen Presbyterian Ministries (In re Pennino),* 299 B.R. 536, 539

(B.A.P. 8th Cir. 2003).

In addressing Ofstad's claims in the bankruptcy proceeding, the court

analyzed the factors from *Pennino* in detail. (5:21-bk-50044, Doc. 75). The first

factor is whether the case is a two-party dispute, and the bankruptcy court

concluded it was.  The debtor listed only one creditor, WSFS, and on the mailing

list included both WSFS and one of its attorneys.  The case appears to be a dispute

4

over an eviction, as the court found, and not over distribution of assets to creditors. (Id.) The second factor is the economy of administration, and as the court concluded, this case is not really a bankruptcy case to be administered, and therefore should be dismissed. (Id.). The third factor, availability of another forum, is particularly striking, given that the parties' dispute over the eviction is a pending state court action addressing the eviction. (Id.). As the bankruptcy court noted, the fourth factor from *Pennino* does not apply. That factor calls for an assessment of equitable distribution of assets, and this case has neither creditors nor assets to be distributed. (Id.). The fifth factor requires an assessment of why the bankruptcy action has been brought. As the bankruptcy court noted, the reason for this action apparently was "solely to create a new forum to litigate his [Ofstad's] disputes with WSFS." (Id., p. 9). The court added that Ofstad's adversary complaint relies solely on state law and given that no relief under the bankruptcy code is available, there is "no purpose" in continuing the bankruptcy case. (Id.).

As *Thatcher* directs, the bankruptcy court considered relevant factors, did not consider irrelevant factors, and did not commit a clear error in judgment in weighing the factors. 659 F.3d at 1213. The dismissal of the case is in accordance with 11 U.S.C. § 305(a)(1). The Court discerns no abuse of discretion in the dismissal of Ofstad's bankruptcy case.

*2. Abstention*

The standard for abstention pertinent to this case appears at 28 U.S.C. § 1334(c)(1) which provides as follows:

> **(c)(1)** Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

In analyzing whether to abstain in Ofstad's adversary proceeding, the bankruptcy court cited the above statute and then set forth the factors governing abstention from *Foss v. Hall County Child Support Office (In re Foss)*, 328 B.R. 780, 783 (B.A.P. 8th Cir. 2005). In addition to these factors, the court noted, the bankruptcy court considers whether the pending state court proceeding sounds in state law and bears only a limited connection to the debtor's bankruptcy case. *Loos v. Koperski (In re Koperski)*, 540 B.R. 394, 401-02 (Bankr. D. Minn. 2015). If so, the bankruptcy court's "abstention is particularly compelling." *Nat. Union Fire Ins. Co. of Pittsburgh, PA v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 332 (8th Cir. 1988) (quoting *Koperski*, 540 B.R at 402).

In applying the above standards to Ofstad's case, the bankruptcy court stated it is important that the parties' state court dispute is grounded in state law, as is the substance of the adversary proceeding, leading to the conclusion "abstention is

6

particularly compelling" under *Nat. Union*, 837 F.2d at 332. The court then analyzed the factors set out in *Foss*, concluding nine weighed in favor of abstention, one was neutral, and two weighed against. (5:21-ap-5003, Doc. 32, Pg. 10). Among the factors the court considered are the following, as summarized: abstention would have no effect on the bankruptcy case, as it was dismissed; state law issues and a state court proceeding militate in favor of abstention; Ofstad sought a forum in the bankruptcy court as an alternative to the state court proceeding; the adversary proceeding is not a core proceeding under the bankruptcy code. (Id., pp. 10-14). In the court's words, "When all twelve factors are considered, a hefty majority weighs in favor of abstention." (Id., p. 14).

As the bankruptcy court concluded, the parties' dispute appears to be one that should be resolved under state property law. The bankruptcy court carefully considered the record and pertinent legal authority in resolving to abstain. This court has examined the pertinent documents and legal authority, and concludes the bankruptcy judge did not abuse discretion in abstaining in the adversary proceeding.

### 3. *Motion for Reconsideration*

Ofstad filed a Motion for Reconsideration of the bankruptcy court's order of abstention and the dismissal of the bankruptcy case. (Doc. 1-1). In his decision denying relief, the court described the adversary proceeding and bankruptcy case

in detail. (Id., PgID 2-3). He noted that Ofstad had not set forth any grounds justifying reversal of the court's order, but because it appeared to the court that Ofstad was seeking reconsideration under Bank. R. Bank. P. 9023 and FRCP 59(e), the court endeavored to ascertain whether there were any errors to be corrected. Id. The court found none. The court added an explanation, apparently for Ofstad's benefit, that the ruling did not transfer the case back to state court, but merely lifted the stay, thus placing the parties in the position in which they were when the bankruptcy case was filed. (Id., PgID 5). The court clarified that Ofstad had raised no bankruptcy issues in the adversary proceeding, and therefore, there were no bankruptcy issues now in state court. (Id., PgID 6). Based on these factors, the bankruptcy court denied relief on reconsideration.

When addressing a motion under Rule 59(e) the court has "broad discretion in determining whether to alter or amend judgment, and [we] will not reverse absent a clear abuse of discretion." *Uradnik v. Inter Faculty Org.*, 2 F.4th 722, 727 (8th Cir. 2021) (citing *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 629 (8th Cir. 1999) (quoting *Innovative Home Health Care v. P.T.-O.T. Assocs.*, 141 F.3d 1284, 1286 (8th Cir. 1998)). This Court concludes the bankruptcy court did not abuse discretion in determining there were no errors to be corrected on reconsideration based both on its finding that Ofstad's case did not raise bankruptcy issues

properly addressed by a bankruptcy court, and in concluding abstention was proper.

## CONCLUSION

The bankruptcy court did not abuse its discretion in abstaining from the adversary proceeding, dismissing the bankruptcy case, and denying the motion for reconsideration under FRCP 59(e).

Accordingly, IT IS ORDERED that the bankruptcy court's denial of the motion for reconsideration is affirmed.

Dated this __31st__ day of May, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW. W. THELEN, CLERK

9